UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN W. KEELER,

                Plaintiff,                                 Case No: 1:10-cv-960

v.                                             HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration.  42 U.S.C. § 405(g).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 11), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  The matter is presently before the Court on Plaintiff's Objection to the Report and Recommendation (Dkt 12).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

Plaintiff argues that the Magistrate Judge erred in finding that any error regarding Plaintiff's lifting restrictions was harmless because a significant number of jobs exists at the sedentary level, which encompasses Plaintiff's purported lifting restriction of 5 to 10 pounds.  Plaintiff contends that such a finding is within the Commissioner's discretion, and requires a determination of the

Commissioner, which did not occur in this case.  Plaintiff therefore argues that the finding of harmless error is improper.

Plaintiff's argument is without merit.  As the Magistrate Judge noted, Plaintiff's statement of error in his brief on appeal was not entirely clear, but the Magistrate Judge nonetheless gave Plaintiff the benefit of an assumed "lifting restriction" error for the sake of argument.[1]  The Magistrate Judge properly looked to the record and found the error harmless based on the ALJ's express findings of significant numbers of sedentary jobs and the fact that the ability to lift 5 to 10 pounds falls within the definition of sedentary work.[2]  Plaintiff has established no flaw in the Magistrate Judge's reasoning or conclusion.  Plaintiff's complaint that this determination is within the discretion of the Commissioner and that the hypothetical failed to included the lifting restriction do not defeat a finding of harmless error on the record presented.  The Magistrate Judge properly concluded that "[e]ven if plaintiff could only lift 5 to 10 pounds, the ALJ's decision denying benefits is supported by substantial evidence" (R & R at 8).

Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ's Residual Functional Capacity (RFC) determination appropriately accounted for Plaintiff's mental impairments.  Plaintiff contends to the contrary that the questions posed in the ALJ's hypothetical and the Magistrate Judge's analysis are premised on an erroneous reading of the record, i.e., "moderate" symptoms and impairments rather than the "serious" symptoms and impairments found by Dr. Geiger and Dr. Ostien.

---

[1]Plaintiff improperly attempts to renew his argument based on the failure to consider Dr. Barbara Fretwell's treating opinion (Obj. at 3 n.1).  The Magistrate Judge found that Plaintiff failed to articulate any claims related to Dr. Fretwell's opinions (R & R at 6 n.2).  This Court rejects Plaintiff's belated attempt to resurrect this argument in his objections.

[2]Plaintiff provides no authority or argument for his claim that the 4,600 sedentary jobs cited is not a significant number of jobs.

The Magistrate Judge thoroughly considered Plaintiff's argument that the ALJ failed to consider GAF (Global Assessment of Functioning) scores by Drs. Geiger and Ostien (R & R at 10). The Magistrate Judge correctly noted that the ALJ is not bound by the GAF scores, and that such scores do not speak to any particular mental limitation.  It appears that the Magistrate Judge incorrectly stated that a GAF score of "50" lies within the "51 to 60 range," which indicates moderate symptoms (R & R at 9).  This Court notes and rejects the erroneous statement.  However, this error does not undermine the overall analysis of this issue by the Magistrate Judge.  Dr. Ostien's GAF score of Plaintiff was 52, which does fall within the moderate range, as does the 55 GAF score assessed by Plaintiff's psychologist (AR 26).[3]  Further, the Magistrate Judge correctly noted that GAF scores are not necessarily determinative of the level of Plaintiff's mental impairment, which the ALJ properly found to be moderate based on the record, and properly accounted for in his RFC determination (R & R at 10-11; AR 18-19, 26-28).  Plaintiff's argument is without merit.

**IT IS HEREBY ORDERED** that the objections (Dkt 12) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 11) is APPROVED and ADOPTED as the Opinion of the Court, except as noted herein, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.

Dated:   April 3, 2012                                     /s/ Janet T. Neff
                                                          JANET T. NEFF
                                                          United States District Judge

---

[3]The ALJ reviewed and considered Plaintiff's various GAF scores, and appropriately noted that a GAF in the range of 41-50 reflects a "serious" impairment in social, occupational or school functioning (AR 26-28).